UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK FORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VICTOR BORTOLAMEDI; FRANK VELA; and CALIFORNIA DEPARTMENT OF CORREECTIONS AND REHABILITATION,<br><br>　　　　Defendants. | No. 2:19-cv-00191-TLN-DB<br><br>**ORDER** |

　　　　This matter is before the Court on Defendant Victor Bortolamedi's ("Bortolamedi") *Ex Parte* Application to Modify the Scheduling Order. (ECF No. 39.) Also before the Court is Plaintiff Patrick Ford's ("Plaintiff") Motion for Leave to Amend the Initial Scheduling Order. (ECF No. 31.) For the reasons set forth below, the Court GRANTS Bortolamedi's *Ex Parte* Application and Plaintiff's motion.

///
///
///
///
///

1

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the instant civil rights action under 42 U.S.C. § 1983 on January 31, 2019, alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment. (ECF No. 1.) The Court entered its Initial Pretrial Scheduling Order on the same date. (ECF No. 3.) Pursuant to a stipulation and an Order from this Court, Plaintiff filed the operative First Amended Complaint ("FAC") on October 28, 2019. (ECF Nos. 8–9.) Bortolamedi filed an answer to the FAC on November 25, 2019. (ECF No. 14.) Plaintiff filed a Motion to Amend the Initial Pretrial Scheduling Order on October 8, 2020. (ECF No. 31.) Bortolamedi filed the instant *Ex Parte* Application to Modify the Initial Pretrial Scheduling Order on January 8, 2021. (ECF No. 39.) The current deadline to file dispositive motions is set for January 18, 2021. (ECF Nos. 3, 15.)

### II.    STANDARD OF LAW

In the instant case, the Initial Pretrial Scheduling Order provides that, pursuant to Federal Rule of Civil Procedure ("Rule") 16(b), the Order "shall not be modified except by leave of court upon a showing of **good cause**." (ECF No. 3 at 6 (emphasis in original).) Rule 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment," and the court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citations and quotations omitted). "The prejudice to opposing parties, if any, may provide additional grounds for denying the motion, but the focus is on the moving party's reason for seeking the modification." *Atayde v. Napa State Hosp.*, No. 116-CV-00398-DAD-SAB, 2020 WL 1046830, at *3 (E.D. Cal. Mar. 4, 2020), *reconsideration denied*, No. 116-CV-00398-DAD-SAB, 2020 WL 1937395 (E.D. Cal. Apr. 22, 2020).

///

### III.   ANALYSIS

Bortolamedi has filed an *ex parte* application requesting the Court modify the Initial Pretrial Scheduling Order and grant a 30-day extension to the deadline to file dispositive motions. The current deadline to file dispositive motions is January 18, 2021.  (ECF No. 39 at 3, 5.) Plaintiff has not filed an opposition.

The Court finds good cause exists because Bortolamedi has shown diligence in obtaining an extension.  Bortolamedi states there have been "considerable delays in conducting meaningful discussions as to Plaintiff's demand for settlement in this matter." (*Id.* at 5 (citing ECF No. 39-1 at ¶ 4).)  Bortolamedi cites the remote work environment in light of the COVID-19 crisis and the attendant delays in communications with necessary parties within the Deputy Attorney General's ("DAG") office, which "were not anticipated at the time [he] filed his previous motion to amend the discovery order in July 2020 as Plaintiff had not issued a settlement demand that would have warranted these discussions prior to filing a dispositive motion." (*Id.*)  Bortolamedi has attached a declaration from attorney Cecilia L. Martin, who "has been diligently attempting to communicate with the DAG's office to schedule a discussion regarding settlement of Plaintiff's matter," but "delays in receiving responses to communications, and in scheduling an appropriate day and time for such discussion have been considerable."  (*Id.*)

Modification of the Initial Pretrial Scheduling Order also serves the interests of judicial economy and is consistent with the Court's inherent power to control its docket.  *See United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (citing *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998)).  Bortolamedi notes that he "needs additional time to engage in meaningful discussions with the necessary parties regarding settlement of this matter," which he contends will conserve the resources of the parties and the Court.  (*Id.*)  The Court agrees and also notes that a 30-day extension is not an extraordinarily lengthy amount of time.  As such, the risk of prejudice to the parties is minimal.

Accordingly, the Court finds good cause exists to modify the Initial Pretrial Scheduling Order pursuant to Rule 16 and GRANTS Defendant's *ex parte* application.  *See Johnson*, 975 F.2d at 609.

Plaintiff's Motion for Leave to Amend the Initial Scheduling Order is also pending before the Court. In his motion, Plaintiff requests extension of the initial discovery deadline "from 240 days from the date upon which the last answer may be filed with the Court . . . to 330 days." (ECF No. 31 at 1.) Bortolamedi has filed a statement of conditional non-opposition to Plaintiff's motion, noting that it is unclear whether Plaintiff misstates the requested date for discovery cut-off (since the new deadline would have been a date in the near future from the date Plaintiff filed his motion) or whether Plaintiff requests Bortolamedi to respond to the written discovery propounded on September 25, 2020.[1] (ECF No. 33 at 1–2.) Bortolamedi states that he does not oppose the latter request. (*Id.* at 2.) Plaintiff has not filed a reply brief to clarify what he intended by his motion. As such, the Court GRANTS Plaintiff's request for Bortolamedi to respond to the written discovery propounded on September 25, 2020, in light of Bortolamedi's non-opposition and Plaintiff's subsequent non-response.

### IV. CONCLUSION

For the foregoing reasons, Bortolamedi's *Ex Parte* Application to Modify the Initial Pretrial Scheduling Order (ECF No. 39) and Plaintiff's Motion for Leave to Amend the Initial Pretrial Scheduling Order (ECF No. 31) are both GRANTED. Bortolamedi is ORDERED to respond to the written discovery propounded on September 25, 2020 by February 3, 2021. In light of this extension, the Court also extends the deadline for dispositive motions to March 4, 2021.

IT IS SO ORDERED.

DATED: January 13, 2021

Troy L. Nunley
United States District Judge

---

[1] Bortolamedi notes that "[o]n or about September 25, 2020, Plaintiff propounded upon [Bortolamedi] twenty-nine (29) Requests for Production of Documents, and twenty-two (22) Interrogatories."