1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   PATRICK FORD,                              No. 2:19-cv-00191-TLN-DB

12                  Plaintiff,

13          v.                                  **ORDER**

14   VICTOR BORTOLAMEDI and FRANK
     VELA,
15
                    Defendants.
16

17          This matter is before the Court on Defendant Victor Bortolamedi's ("Defendant") Motion

18   for Summary Judgment.[1]  (ECF No. 42.)  Plaintiff Patrick Ford ("Plaintiff") filed an opposition.

19   (ECF No. 46.)  Defendant filed a reply.  (ECF No. 49.)  For the reasons set forth below,

20   Defendant's motion is GRANTED.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ───────────────────────

28   [1]      Frank Vela ("Vela") has also been named as a Defendant in this action, but does not join
     in the instant motion.  The Court will refer to Bortolamedi and Vela collectively as "Defendants."

1

**I.     FACTUAL AND PROCEDURAL BACKGROUND**[2]

2

The instant action arises out of an alleged conspiracy by Defendants and three inmates at

3

California State Prison – Sacramento ("CSP-SAC") to assault and batter Plaintiff when he refused

4

to change his cell assignment.  (*See* ECF No. 42-1.)  At all times relevant to this suit, Plaintiff was

5

housed in Building 3 ("B-3"), cell 110.  (Def.'s Statement of Undisputed Facts ("DSUF"), ECF

6

No. 42-2 ¶ 3.)  Plaintiff contends that on February 10, 2017, he became aware of a conspiracy to

7

remove him from his cell, whereby Defendant directed inmates to remove Plaintiff from his cell

8

to show him "who was in charge."  (*Id.* at ¶ 22.)  Prior to February 11, 2017, Defendant informed

9

Plaintiff that a bed move would be requested for Plaintiff's transfer to a different building.[3]  (*Id.*

10

at ¶ 23.)  Defendant explained the move was required because Officer Hubbard had recently

11

accepted a post assignment in B-3, and due to a 2015 exposure incident involving Plaintiff and

12

Officer Hubbard for which Plaintiff received a Rules Violation Report ("RVR"), Plaintiff should

13

be in a different building.[4]  (*Id.* at ¶¶ 18, 24.)

14

Plaintiff alleges that on February 11, 2017, three inmates[5] came to his cell door and told

15

16

[2]     The following facts are undisputed unless otherwise noted.

17
18
19

[3]     Plaintiff disputes this point, stating that Defendant "demanded Plaintiff to move."  (Pl.'s Response to Def.'s Statement of Undisputed Facts ("PR"), ECF No. 46-3 ¶ 23.)  However, whether Defendant informed Plaintiff a move would be requested or whether Defendant demanded Plaintiff to move does not create a question as to whether Plaintiff was going to be moved.  The Court will therefore consider this fact undisputed for the purposes of this motion.

20
21

[4]     Plaintiff disputes this point, stating that "Defendant wanted Plaintiff to move because Plaintiff did not want to get involve[d] with doing favors for Defendant."  (PR ¶ 24.)

22
23
24
25
26
27
28

[5]     Plaintiff contends one of the inmates was a "MAC REP" (which Plaintiff does not define), and that "MAC REPS" have a lot of freedom as they can go from section to section in the buildings and are selected by the correctional officers.  (Pl.'s Statement of Disputed Facts ("PSDF"), ECF No. 46-2 ¶¶ 5–7.)  Defendant objects to these statements as lacking foundation, statements of opinion, and immaterial to the resolution of the instant motion. (Def.'s Response to Pl.'s Statement of Disputed Facts ("DR"), ECF No. 49-2 ¶¶ 5–7.)  "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist."  Fed. R. Evid. 104(b).  Indeed, as Plaintiff has not introduced any facts sufficient to support a finding that he has personal knowledge or a basis upon which to offer this evidence, this objection is SUSTAINED.

2

him Defendant wanted him to move cells.  (*Id.* at ¶ 28.)  Defendant was not working in B-3 at the time, but Vela was at his regular station in the control booth of B-3.  (*Id.* at ¶¶ 14, 15.)  Plaintiff contends the inmates returned about an hour later and said "we f**k with correctional officers [Defendant] and Vela so you need to move."[6]  (*Id.* at ¶ 29.)  Plaintiff construed this statement to mean the inmates were part of an illegal scheme whereby Defendant was allegedly distributing contraband within the prison.  (*Id.* at ¶ 30.)  Plaintiff admits Defendant never threatened Plaintiff with violence and was never violent toward Plaintiff.  (*Id.* at ¶ 32.)  Plaintiff alleges that after he told the inmates he would not move for a second time, he watched one inmate go to the control tower and speak with Vela, and then a few minutes later the two inmates came into his cell and began attacking him.  (*Id.* at ¶¶ 33–34.)  Plaintiff also alleges he saw Vela watching the attack, which lasted five to seven minutes, and Vela failed to intervene, activate an alarm, or yell at the inmates to stop.  (*Id.* at ¶ 35.)  Plaintiff was not friends with the inmates that assaulted him but had no prior altercations or violent interactions prior to his assault on February 11, 2017.  (*Id.* at ¶ 36.)

Defendant was not in B-3 at the time of this assault.  (*Id.* at ¶ 37.)  After Defendant informed Plaintiff he would be moved, Plaintiff did not witness Defendant speaking with the inmates who attacked him.  (*Id.* at ¶ 39.)  As a result of this incident, Plaintiff had some swelling and bruising and bleeding, but did not require medical attention.[7]  (*Id.* at ¶ 41.)  Nor does Plaintiff suffer from any long-lasting physical injuries as a result of this incident that have required

---

[6]     Defendant objects to this statement as inadmissible hearsay and states Plaintiff fails to cite to admissible evidence to establish this fact.  (DR ¶ 9.)  "Hearsay evidence is inadmissible and may not be considered by [a] court on" a motion for summary judgment.  *Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir. 1980).  However, the Court finds this statement may be offered under the coconspirator exemption and therefore OVERRULES the objection.  *See* Fed. R. Evid. 801(d)(2)(E) (A statement is not hearsay if it "is offered against an opposing party and  . . . was made by the party's coconspirator during and in furtherance of the conspiracy. The statement must be considered but does not by itself establish . . . the existence of the conspiracy or participation in it under (E).")

[7]     Plaintiff admits that he had swelling, bruising, and was bleeding, but denies that his injuries did not require medical attention.  (PR ¶ 41.)  He states he could not seek medical attention because he was in fear of his safety.  (*Id.*)

3

1   medical treatment.[8]  (*Id.* at ¶ 42.)  Plaintiff has received medical care several times following the

2   February 11, 2017 incident and has been given aspirin for headaches.  (*Id.* at ¶ 43.)

3       Plaintiff filed this action on January 31, 2019.  (ECF No. 1.)  Plaintiff filed his First

4   Amended Complaint ("FAC") on October 28, 2019.  (ECF No. 9.)  Plaintiff alleges the following

5   claims: (1) violation of his Eighth Amendment right to be free from cruel and unusual punishment

6   for failure to protect; and (2) violation of his Eighth Amendment right to be free from cruel and

7   unusual punishment by conspiring to assault an inmate.  (*See id.*)  Defendant filed the instant

8   motion for summary judgment on March 4, 2021.  (ECF No. 42.)

9       **II.    STANDARD OF LAW**

10      Summary judgment is appropriate when the moving party demonstrates no genuine issue

11  of any material fact exists and the moving party is entitled to judgment as a matter of law.  Fed.

12  R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Under summary

13  judgment practice, the moving party always bears the initial responsibility of informing the

14  district court of the basis of its motion, and identifying those portions of "the pleadings,

15  depositions, answers to interrogatories, and admissions on file together with affidavits, if any,"

16  which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v.*

17  *Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof

18  at trial on a dispositive issue, a summary judgment motion may properly be made in reliance

19  solely on the pleadings, depositions, answers to interrogatories, and admissions on file."  *Id*. at

20  324 (internal quotation marks omitted).  Indeed, summary judgment should be entered against a

21  party who does not make a showing sufficient to establish the existence of an element essential to

22  that party's case, and on which that party will bear the burden of proof at trial.

23      If the moving party meets its initial responsibility, the burden then shifts to the opposing

24  party to establish that a genuine issue as to any material fact does exist.  *Matsushita Elec. Indus.*

25  *Co. v. Zenith Radio Corp.* (*Matsushita*), 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v.*

26  *Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968).  In attempting to establish the existence of this

27  
─────────────────────

28  [8]      Plaintiff denies this, stating that as a result of this incident, he has clicking jaw and
    recurring headaches.  (PR ¶ 42.)

factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence of the opposing party is to be believed and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id*. at 587.

///

///

1      III.   **ANALYSIS**

2          Defendant argues there is no triable issue of material fact regarding Plaintiff's failure to

3   protect claim and there is an absence of evidence to support Plaintiff's conspiracy claim against

4   Defendant.  (*See* ECF No. 42-1.)  The Court will address each claim in turn, after first addressing

5   Plaintiff's request to conduct additional discovery.

6                      A.      Plaintiff's Request for Additional Discovery

7          Plaintiff requests permission to file a motion to compel further responses to Defendant's

8   discovery request, to serve requests for admission, and to depose Defendant as the Court

9   "previously found good cause to extend the discovery deadline and allowing additional discovery

10  will preclude summary judgment."  (ECF No. 46 at 9–10.)  Plaintiff notes that Defendant

11  responded to the Court's January 13, 2021 Order to respond to the written discovery propounded

12  on September 25, 2020, but "[a]s discovery had technically ended, Plaintiff was unable to file a

13  motion to compel further responses or even to meet and confer with Defendant to supplement or

14  amend his discovery responses."  (*Id.* at 9.)  Plaintiff states that in light of his own deposition

15  "that occurred after the discovery cutoff deadline, and the limited scope of the Court's Order

16  dated January 13, 2021, Plaintiff was unable to supplement certain discovery responses as

17  required by Rules 26, 33, 34, and 37 . . . based on testimony that was provided at the deposition."

18  (*Id.* at 10.)

19         Defendant asserts the Court should disregard this request as discovery has been closed for

20  more than eight months and Plaintiff has already sought and obtained an accommodation from the

21  Court as to this deadline.  (ECF No. 49 at 8.)  Defendant contends Plaintiff has failed during the

22  18-month period of discovery "to propound any written discovery on Defendant . . . and failed to

23  notice let alone take the deposition of a single witness or defendant."  (*Id.* at 8–9.)

24         Plaintiff does not specify whether he is filing a motion for leave to amend the Initial

25  Scheduling Order to reopen discovery, or whether he is filing a Rule 56(d) motion to continue the

26  hearing date on Defendant's motion.  The Court will therefore consider Plaintiff's request under

27  each standard.

28  ///

*i.        Motion for Leave to Amend the Scheduling Order*

Under Rule 16, the Court is required to issue a scheduling order as soon as practicable, and the order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A).  Once a scheduling order has been filed pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  When the motion to extend time is made after time has expired, the Court must also consider excusable neglect.  *See* Fed. R. Civ. P. 6(b)(1)(B).

The Ninth Circuit requires district courts to consider the following factors in determining whether to amend a Rule 16 scheduling order to reopen discovery:

> (1) whether trial is imminent[;] (2) whether the request is opposed[;] (3) whether the non-moving party would be prejudiced[;] (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court[;] (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court[;] and (6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (internal citation omitted).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envt'l Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

In determining whether Plaintiff has sufficiently met Rule 16's due diligence and good cause requirements, the Court considers each of the factors identified by the Ninth Circuit.  *See City of Pomona*, 866 F.3d at 1066.

With respect to whether trial is imminent, no trial dates have been set in this action.  The dispositive motion deadline has passed, which the Court extended from January 18, 2021 to March 4, 2021.  (*See* ECF No. 40.)  The case is not in the early stages of litigation as Defendant has filed the instant dispositive motion.  Therefore, this factor weighs against modification.

///

1    With respect to whether the request is opposed, Defendant opposes Plaintiff's request.
2    (ECF No. 49 at 8–10.)  This factor weighs against modification.

3    With respect to prejudice to the non-moving party, neither party addresses this issue in
4    their briefing.  (*See* ECF Nos. 46, 49.)  This factor is neutral.

5    With respect to the diligence or excusable neglect of the moving party, Defendant argues
6    that Plaintiff "has failed to demonstrate *any* diligence in his previous discovery opportunities as
7    the extremely limited discovery he has conducted took place well-after the deadline had passed
8    and only after obtaining this Court's accommodation." (ECF No. 49 at 9–10 (emphasis in
9    original).)  Defendant also notes that Plaintiff has not provided any excuse as to why he now
10   seeks to reopen discovery at this late stage.  (*Id.* at 10.)  Ultimately, the Court agrees with
11   Defendant that Plaintiff has "attempted to shift the blame first to Defendant . . . by claiming he
12   provided 'mostly objections' in his discovery responses, then to the fact that 'discovery had
13   technically ended' for his inability to file a motion to compel or meet and confer on these
14   allegedly deficient responses, and finally to the Court for the 'limited scope' of its Order which
15   Plaintiff claims prevented him from supplementing 'certain discovery responses as required by
16   Rules 26, 33, 34, and 37 . . . based on the testimony that was provided in the deposition.'" (ECF
17   No. 49 at 10 (emphasis in original).)  If Plaintiff had an issue with Defendant's discovery
18   responses, it could have filed a motion to reopen discovery sooner, rather than waiting more than
19   a month to raise this issue in opposition to the instant motion.  Plaintiff has also not provided an
20   adequate excuse as to why he did not serve the requests for admission or depose Defendant before
21   the discovery deadline.  (*See* ECF No. 46 at 9–10.)  This factor weighs against modification.

22   With respect to the foreseeability of the need for additional discovery, neither party
23   addresses this issue in their briefing.  (*See* ECF Nos. 46, 49.)  This factor is neutral.

24   Finally, with respect to the likelihood the discovery will lead to relevant evidence,
25   Plaintiff does not identify in its request the exact relevant evidence that it seeks through
26   compelling further responses to Defendant's discovery request, serving requests for admission,
27   and deposing Defendant other than to state the Court should grant this request because it
28   previously found good cause to extend the discovery deadline.  (*See* ECF No. 46 at 9–10.)  This

1    factor weighs against modification.

2           Based on the foregoing, the Court finds that good cause does not exist to modify the

3    scheduling order to reopen discovery.  *See City of Pomona*, 866 F.3d at 1066.  Accordingly, the

4    Court DENIES Plaintiff's request to reopen discovery.

5                        *ii.*        *Motion to Continue the Hearing Date*

6           Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified

7    reasons, it cannot present facts essential to justify its opposition, the court may . . . defer

8    considering the motion or deny it."  Fed. R. Civ. P. 56(d).  "To prevail under this Rule, parties

9    opposing a motion for summary judgment must make '(a) a timely application which (b)

10   specifically identifies (c) relevant information, (d) where there is some basis for believing that the

11   information sought actually exists.'"  *Emp'rs Teamsters Local Nos. 175 and 505 Pension Trust*

12   *Fund v. Clorox Co.*, 353 F.3d 1125, 1129–30 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v.*

13   *Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)).  "The burden is on the party

14   seeking additional discovery to proffer sufficient facts to show that the evidence sought exists,

15   and that it would prevent summary judgment."  *Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151,

16   1161 n.6 (9th Cir. 2001).  The discovery sought by the moving party must be "relevant to critical

17   matters at issue in the summary judgment motion."  *See Jacobson v. U.S. Dep't of Homeland*

18   *Sec.*, 882 F.3d 878, 883 (9th Cir. 2018); Fed. R. Civ. P. 56(d).  The moving party must explain

19   why those facts would preclude summary judgment.  *Tatum v. City & Cnty. of San Francisco*,

20   441 F.3d 1090, 1100 (9th Cir. 2006).

21          In the instant case, Plaintiff fails completely to identify the relevant evidence that will be

22   uncovered based on compelling further responses to Defendant's discovery request, serving

23   requests for admission, and deposing Defendant.  (*See* ECF No. 46 at 9–10.)  As noted above,

24   Plaintiff seems to justify this request by stating that the Court previously found good cause to

25   extend the discovery deadline.  (*Id.*)  Plaintiff fails to identify what the evidence in his favor

26   might be and further fails to articulate with specificity the *exact* facts "reasonably expected to

27   create a triable issue" of material fact as to whether Plaintiff's Eighth Amendment rights were

28   violated by Defendant.  Additionally, Plaintiff has not articulated how the newly discovered facts

1    would preclude summary judgment. *See Tatum*, 441 F.3d at 1100. Accordingly, on this basis

2    alone, the Court DENIES Plaintiff's request to continue the hearing date on the instant motion.

3                        B.    <u>Claim One: Failure to Protect</u>

4         Defendant argues the undisputed material facts do not support any of the elements of this

5    claim against Defendant and Plaintiff has no evidence of any connection between an act by

6    Defendant and his involvement in the February 11, 2017 incident. (ECF No. 42-1 at 7–9.) In

7    opposition, Plaintiff asserts Defendant "was aware of the substantial risk of serious harm

8    [Plaintiff] was facing because he orchestrated the physical assault of [Plaintiff]" by telling him on

9    the day prior that he had to move to a different cell and telling his cellmate Paul Murray

10   ("Murray") that Plaintiff needed to be moved from B-3 because correctional officer Hubbard had

11   transferred into the building. (ECF No. 46 at 9 (citing ECF No. 48 at 12).) Plaintiff does not

12   explicitly address Defendant's argument about a lack of evidence of a connection between

13   Defendant and the February 11, 2017 incident. (*See id.*) In reply, Defendant maintains that

14   Plaintiff has failed to present any evidence that Defendant "deliberately disregarded a risk to

15   Plaintiff's safety" or that Defendant is connected or linked to the February 11, 2017 assault.

16   (ECF No. 49 at 5.)

17        42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges,

18   or immunities secured by the Constitution and laws' of the United States." *Long v. Cnty. of Los*

19   *Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). The two essential elements a plaintiff must

20   establish for a § 1983 claim are as follows: "(1) that a right secured by the Constitution or laws of

21   the United States was violated[;] and (2) that the alleged violation was committed by a person

22   acting under the color of State law." *Id.* A person deprives another "of a constitutional right,

23   within the meaning of [§] 1983, if he does an affirmative act, participates in another's affirmative

24   acts, or omits to perform an act which he is legally required to do that causes the deprivation of

25   which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

26        In the instant case, the Court finds that Plaintiff fails to create a triable issue of material

27   fact with respect to the second element. The Court agrees with Defendant that Plaintiff has failed

28   to make "a connection or link between an affirmative act by Defendant . . . or his participation in

the inmates' assault beyond Plaintiff's own conclusions drawn from": (1) a single communication from Defendant to Plaintiff about a bed move; (2) a statement from an inmate that they all "f**k with correctional officers [Defendant] and Vela"; and (3) the attack itself, for which Defendant was not present.  (ECF No. 49 at 5.)  Indeed, Plaintiff admits that he "took the inmate's statement to mean that the inmates were part of an illegal scheme in which Defendant . . . was allegedly distributing contraband within the prison" (PR ¶ 30) — not that Defendant was somehow involved in the inmates' assault.  Plaintiff "cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact."  *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (finding that the nonmoving party relied only on its own affidavits to oppose summary judgment and the conclusory allegations therein did not create an issue of material fact).  Accordingly, Defendant's motion as to this claim is GRANTED.

C.    Claim Two: Conspiracy

Defendant argues "there is no evidence of a 'meeting of the minds'" among Defendant, Vela, and/or the assaulting inmates to violate Plaintiff's constitutional rights.  (ECF No. 42-1 at 9.)  In opposition, Plaintiff asserts there are enough facts to find Defendant acted as a co-conspirator.  (ECF No. 46 at 6–7.)

In order to establish a conspiracy under 42 U.S.C. § 1983, a plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights."  *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989)).  "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy."  *Id.*  A plaintiff must also establish an actual deprivation of constitutional rights.  *Hart v. Park*, 450 F.3d 1059, 1072 (9th Cir. 2006).

In the instant case, Plaintiff does not cite to any evidence to establish that (1) Defendant had an agreement with Vela and/or the other inmates who assaulted Plaintiff to violate Plaintiff's constitutional rights, or (2) that Defendant, Vela, and/or the other inmates who assaulted Plaintiff had a common objective.  Plaintiff seems to imply that an agreement existed among Defendant, Vela, and the inmates who assaulted Plaintiff with the common objective to assault Plaintiff

11

1    because: (1) Defendant told him privately "he had to move or else" on February 10, 2017;[9] (2)

2    Plaintiff's cellmate at the time of the incident, Paul Murray, told Plaintiff he would need to move

3    to a different building because correctional officer Hubbard was moving to B-3; (3) inmates

4    showed up at his cell on February 11, 2017, one of whom said that they "f**k with correctional

5    officers [Defendant] and Vela, so [Plaintiff] need[s] to move"; and (4) Vela opened Plaintiff's cell

6    door at the request of one of the inmates to watch Plaintiff be assaulted for more than five

7    minutes straight, to never sound an alarm, and then to close Plaintiff's cell door after he was

8    beaten.  (ECF No. 46 at 7.)  Plaintiff does not cite to any evidence in his opposition brief to

9    support this proposition, but Plaintiff's Statement of Disputed Facts contains the foregoing facts

10   and cites to Plaintiff's deposition.  (*See* PSDF (citing ECF No. 48 at 4–34).)  The Court agrees

11   with Defendant that these set of facts "are nothing more than conclusory statements from Plaintiff

12   in which he somehow connects the conversation he had with Defendant . . . regarding a bed-move

13   due to Plaintiff's past exposure violation, with a statement made by the inmates alluding to their

14   participation in a distribution scheme" to create a basis for his theory that Defendant "decided to

15   demonstrate his 'power' over Plaintiff by enlisting inmates to commit the attack if Plaintiff

16   refused to consent to a bed-move."  (ECF No. 42-1 at 10.)

17        Plaintiff also contends "the evidence is so overwhelming that Defendant was a co-

18   conspirator" that Defendant's Statement of Undisputed Material Fact "is without a single

19   contention that [Defendant] did not conspire to harm [Plaintiff]."  (ECF No. 46 at 7.)  The Court

20   ───────────────
     [9]    Plaintiff argues that he "clearly testified in his deposition that a sergeant has to approve an
21   inmate move to a different cell" and "in a case where an inmate did not want to move but a
     correctional officer insisted on the move, the correctional officer would have to provide the
22   sergeant a reason why the inmate needed to move."  (ECF No. 46 at 7–8.)  However, Defendant
     objects to this assertion in Plaintiff's testimony, contending that it lacks foundation, and is a
23   statement of opinion and conclusion of fact.  (DR ¶ 27.)  Defendant argues this "fact" is
     speculative "as it is based on Plaintiff's' experience as an inmate as various CDCR institutions,
24   not as an employee/officer who has received training and is experienced in the various CDCR
     procedures related to transferring an inmate to a different cell, building, and/or institution."  (*Id.*)
25   "When the relevance of evidence depends on whether a fact exists, proof must be introduced
     sufficient to support a finding that the fact does exist."  Fed. R. Evid. 104(b).  Indeed, as Plaintiff
26   has not introduced any facts sufficient to support a finding that he has personal knowledge or a
     basis upon which to offer this evidence, this objection is SUSTAINED.
27

28

1  agrees with Defendant's contention in reply that Defendant does not have the "burden to negate

2  or disprove matters on which Plaintiff has the burden of proof at trial but must only point out to

3  the court that there is an absence of evidence to support Plaintiff's case." (ECF No. 49 at 6

4  (citing *Sluimer v. Verify, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010)).)

5          Based on the foregoing, Plaintiff has not tendered evidence of specific facts in the form of

6  affidavits and/or admissible discovery material in support of its contention that a dispute exists as

7  to whether there was an agreement to violate his constitutional rights and all of the coconspirators

8  shared a common objective. *See* Fed. R. Civ. P. 56(c). Accordingly, Defendant's motion as to

9  this claim is GRANTED.

10         **IV.   CONCLUSION**

11         Based on the foregoing, the Court hereby GRANTS Defendant's Motion for Summary

12  Judgment. (ECF No. 42.) A review of the docket and the parties' most recent joint status report

13  (ECF No. 15) reveals that Frank Vela has not yet been served. Plaintiff is ORDERED to show

14  cause within fourteen (14) days of the electronic filing date of this Order as to why his claims

15  against Frank Vela should not be dismissed for failure to prosecute under Rule 41(b) and/or 4(m).

16         IT IS SO ORDERED.

17  **DATED: September 19, 2022**

18

19

20                                            _____
                                              Troy L. Nunley
21                                            United States District Judge

22

23

24

25

26

27

28