UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK FORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VICTOR BORTOLAMEDI, et al<br><br>　　　　　Defendants. | No. 2:19-cv-00191-TLN-DB<br><br><br>**ORDER** |

　　　　This matter is before the Court on Plaintiff Patrick Ford's ("Plaintiff") Response to the Court's Order to Show Cause. (ECF No. 53.) On September 20, 2022, the Court granted Defendant Victor Bortolamedi's motion for summary judgment. (ECF No. 52 at 13.) The Court also ordered Plaintiff to show cause within 14 days of that Order as to why his claims against Defendant Frank Vela ("Vela") — who had not yet been served — should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure ("Rule") 41(b) and/or failure to serve under Rule 4(m). (*Id.*)

　　　　Plaintiff did not respond within 14 days and instead filed an untimely response on October 12, 2022. (ECF No. 53.) In his response, Plaintiff argues there is good cause to extend the time to serve Vela because Vela has evaded service. (*Id.* at 2.) Plaintiff contends that when a process server attempted to serve Vela at a known address on March 24, 2019, the individual who answered the door stated Vela did not live at that address. (*Id.*) Plaintiff contends that when the

same process server attempted to serve Vela at another address associated with him on May 1, 2019, the individual at the address did not know Vela. (*Id.* at 2–3.)  Plaintiff further indicates that attempts to run a skip trace to find Vela have yielded no results. (*Id.* at 3.)  Plaintiff also notes that Vela's employer has refused to accept service of process on behalf of Vela. (*Id.*)  Plaintiff requests the Court to extend a final grace period of 90 days to serve Vela because Vela has been extremely evasive, there is no prejudice in granting an extension for service, and there is a strong public policy in favor of deciding cases on the merits. (*Id.* at 3–4.)

Rule 4(m) states in relevant part, "If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).

The Court need not consider Plaintiff's untimely response to its Order to Show Cause.  Even if the Court considers the untimely response, however, Plaintiff fails to persuade the Court there is good cause to grant an extension to serve Vela.  Plaintiff filed the Complaint — which named Vela as a Defendant — on January 31, 2019.  (ECF No. 1.)  Though Plaintiff asserts he made several failed attempts to serve Vela in 2019, Plaintiff has not shown he made any further attempts to serve Vela in the following years.  Notably, Plaintiff did not request an extension to serve Vela until the Court indicated it would dismiss Vela for failure to serve in its September 20, 2022 Order.  In the Court's view, Plaintiff's inexplicable delay and failure to make any attempt to serve Vela or request an extension in over three years is fatal to a finding of good cause.

Accordingly, the Court DISMISSES Vela from this action without prejudice for failure to serve under Rule 4(m).  Because there are no longer any remaining claims, the Clerk of Court is directed to enter judgment in Defendant Bortolamedi's favor and close the case.

IT IS SO ORDERED.

**DATED:  October 28, 2022**

Troy L. Nunley
United States District Judge

2